IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANTHONY SULLIVAN,**

    Petitioner,

v.

**WARDEN, WARREN
CORRECTIONAL INSTITUTION,**

    Respondent.

CASE NO. 2:15–cv–2585
JUDGE MICHAEL H. WATSON
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On November 22, 2016, the Magistrate Judge issued a *Report and Recommendation* ("R&R"), ECF No. 7, recommending that the instant petition for a writ of habeas corpus be denied and that this action be dismissed. Petitioner has filed an *Objection* to the R&R. ECF No. 8. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection,* ECF No. 8, is **OVERRULED**. The R&R, ECF No. 7, is **ADOPTED** and **AFFIRMED**. The petition for a writ of habeas corpus is **DENIED**. This action is hereby **DISMISSED**.

This case involves Petitioner's convictions after a jury trial in the Franklin County Court of Common Pleas on two counts of robbery with repeat violent offender specifications. On September 20, 2010, the trial court imposed a sentence of twenty-six years' incarceration. The Ohio Tenth District Court of Appeals affirmed the judgment of the trial court. *State v. Sullivan*, No. 10AP-997,

2011 WL 6202357 (Ohio App. 10th Dist. Dec. 13, 2011). The Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Sullivan*, 131 Ohio St.3d 1510 (2012). On February 8, 2013, Petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B); however, the state appellate court denied the Rule 26(B) application as untimely. Petitioner also unsuccessfully pursued post-conviction relief.

In this habeas corpus petition, Petitioner asserts that the trial court illegally imposed mandatory terms of incarceration on the repeat violent offender specifications (claim one); that he was denied the effective assistance of counsel based on his attorney's failure to request a jury instruction (claim two); that the trial court erred in not instructing the jury on the sufficiency of evidence regarding force (claim three); and that the trial court erred in permitting admission of certain hearsay evidence (claim four). The Magistrate Judge recommended dismissal of claims one through three as procedurally defaulted, and claim four as procedurally defaulted and without merit. Petitioner objects to the Magistrate Judge's recommendation to dismiss claims one and four.

When a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Petitioner asserts, as cause for his procedural default in failing to raise claim one on direct appeal, the denial of the effective assistance of appellate counsel. As discussed by the Magistrate Judge, the denial of the constitutionally effective assistance of appellate counsel may constitute cause for a procedural default, so long as the petitioner has not also procedurally defaulted such claim. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

The latter circumstance is present here. The state appellate court explicitly denied Petitioner's Rule 26(B) application for failure to establish good cause for filing the application more than one year late. ECF No. 6-1, PageID# 314–15. Petitioner argues, however, that Ohio's Rule 26(B) does not constitute an adequate and independent state ground upon which to foreclose federal habeas corpus review of his claim under the third part of the test set forth in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), because Ohio has not sufficiently defined or consistently enforced the "good cause" requirement for an untimely filing under the rule. This argument fails. The United States Court of Appeals for the Sixth Circuit has repeatedly rejected this argument for the time period at issue here. *See Monzo v. Edwards*, 281 F.3d 568, 577–78 (6th Cir. 2002) (Rule 26(B) constitutes an adequate and independent state procedural ground to foreclose review of petitioner's claim of ineffective assistance of appellate counsel during time period at issue here); *Scuba v. Brigano*, 527 F.3d 479, 488

3

(6th Cir. 2007) (same); *Parker v. Bagley*, 543 F.3d 859, 862 (6th Cir. 2008) (same); *Wilson v. Hurley*, 382 F. App'x 471, 476–77 (6th Cir. 2010).

Petitioner also objects to the Magistrate Judge's recommendation to dismiss claim four. Petitioner argues that the admission of an excited utterance under Ohio's evidentiary rules violates the Confrontation Clause, that the State failed to establish that Abby Sanker was unavailable to testify, that he had no prior opportunity to cross-examine Sanker and, had she been called as a witness against him, she may have been unable to identify him as the bank robber. For the reasons discussed in the R&R, however, these arguments fail to persuade the Court. Notably, Petitioner did not present any federal constitutional issue to the state courts. He thereby has waived his right to present such a claim in these proceedings. Moreover, Petitioner's claim regarding the alleged violation of state evidentiary rules fails to provide a basis for relief.

As a general matter, errors of state law, especially the improper admission of evidence, do not provide grounds for habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62 (1991); *Giles v. Schotten*, 449 F.3d 698, 704 (6th Cir. 2006). To be entitled to habeas relief, a petitioner must demonstrate that an evidentiary ruling violated more than a state rule of evidence or procedure. In order to prevail, a petitioner must show that the evidentiary ruling was "so egregious that it resulted in a denial of fundamental fairness." *Giles*, 449 F.3d at 704 (citing *Baze v. Parker*, 371 F.3d 310, 324 (6th Cir. 2004)). Stated differently, " '[e]rrors by a state court in the admission of evidence are not cognizable in habeas

4

proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial.'" *Biros v. Bagley*, 422 F.3d 379, 391 (6th Cir. 2006) (citing *Roe v. Baker*, 316 F.3d 557, 567 (6th Cir. 2002)). A state court evidentiary ruling does not violate due process unless it "offend[s] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Giles*, 449 F.3d at 704 (citing *Coleman v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001)). The record fails to reflect such circumstances here. Moreover, the record fails to support Petitioner's claim regarding a violation of the Confrontation Clause. Even if it did, the error would have been harmless, in view of the substantial evidence of guilt. *See State v. Sullivan*, 2011 WL 6202357.

For all of the foregoing reasons, and for the reasons detailed in the R&R, Petitioner's Objection, ECF No. 8, is **OVERRULED**. The R&R, ECF No. 7, is **ADOPTED** and **AFFIRMED**. The petition for a writ of habeas corpus is **DENIED**. This action is hereby **DISMISSED**.

    IT IS SO ORDERED.

*/s/ Michael H. Watson*
**MICHAEL H. WATSON**
**United States District Judge**